1  Kevin M. McCormick (STATE BAR NO. 115973)
   BENTON, ORR, DUVAL & BUCKINGHAM
2  A PROFESSIONAL CORPORATION
   39 North California Street
3  Post Office Box 1178
   Ventura, California 93002
4  Telephone:  (805) 648-5111
   Facsimile:   (805) 648-7218
5  E-mail: kmccormick@benotonorr.com

6  Attorneys for Respondents, Superior Court of
   California, County of Los Angeles and the
7  Hon. David P. Yaffe, Judge of the Superior Court
   of California, County of Los Angeles
8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     WESTERN DIVISION

12

13  RICHARD I. FINE,                        CASE NO. CV 09-1914-GW (CW)

14          Petitioner,                     RESPONSE OF THE SUPERIOR
                                            COURT OF CALIFORNIA,
15      v.                                  COUNTY OF LOS ANGELES, *ET
                                            AL*, TO PETITION FOR WRIT OF
16  SHERIFF OF LOS ANGELES                  HABEAS CORPUS; ETC.;
    COUNTY,                                 MEMORANDUM OF POINTS AND
17                                          AUTHORITIES IN SUPPORT
            Respondent.
18                                          [DECLARATION OF KEVIN M.
                                            MCCORMICK FILED
19                                          CONCURRENTLY HEREWITH]

20                                          Date:  Taken Under Submission
                                            Time:  N/A
21                                          Ctrm:  640
                                                   255 East Temple Street
22                                                 Los Angeles, California

23                                          M. Judge:  Hon. Carla M. Woehrle

24          COME NOW RESPONDENTS, the Superior Court of California, County of

25  Los Angeles ("Superior Court"), and the Hon. David P. Yaffe, Judge of the

26  Superior Court of California, County of Los Angeles and pursuant to this

27

28  _____
          RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
          LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS
                                    1

1  court's April 23, 2009 Order submit their Response to the Petition for Writ of

2  Habeas Corpus of and Ex Parte Application for Immediate Release filed by

3  petitioner in *pro se*, Richard I. Fine ("Fine").

4

5  Dated: May ___1st___, 2009          BENTON, ORR, DUVAL & BUCKINGHAM

6

7                                        By: _Kevin M. McCormick_
                                            Kevin M. McCormick
8                                        Attorneys for Respondents, Superior Court of
                                         California, County of Los Angeles and the Hon.
9                                        David P Yaffe, Judge of the Superior Court of
                                         California, County of Los Angeles
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

# **TABLE OF CONTENTS**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.    THE USE OF COERCIVE CONFINEMENT IS AN APPROPRIATE
       JUDICIAL DEVICE FOR COMPELLING COMPLIANCE WITH VALID
       COURT ORDERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.   FINE ADMITS THAT THE NATURE AND INDETERMINATE LENGTH
       OF HIS CONFINEMENT WILL NOT AFFECT HIS DECISION TO
       ANSWER QUESTIONS AND PRODUCE DOCUMENTS AT THE
       JUDGMENT DEBTOR EXAMINATION . . . . . . . . . . . . . . . . . . . . . . . 11

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1

# **TABLE OF AUTHORITIES**

2 **Federal Cases**

3 *In re Grand Jury Investigation (Braun)*, 600 F.2d 420 . . . . . . . . . . . . . . . . . . . . 12

4 *In re Grand Jury*, 851 F.2d 499, 502 (1st Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . 12

5 *Securities and Exchange Commission v. Elmas Trading Corporation*, 824 F.2d

6 732 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Simkin v. United States,* 715 F.2d 34,d 37 (2d Cir.1983) . . . . . . . . . . . . . . . . . . 12
7

8 **Federal Statutes**

9 28 *U.S.C.* § 1826 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10

11 **California Cases**

12 *In re Farr* (1974) 36 Cal.App.3d 577 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13 *People v. Hull* (1991) 1 Cal.4th 266 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14

15 **California Statutes**

16 *California Code of Civil Procedure*, section 1008 . . . . . . . . . . . . . . . . . . . . . . . . . 8

17 *California Code of Civil Procedure*, section 1211 . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 *California Code of Civil Procedure*, section 1219(a) . . . . . . . . . . . . . . . . . . . . . . . 9

19 *California Code of Civil Procedure*, section 170.3(d) . . . . . . . . . . . . . . . . . . . . . . 5

20 *California Code of Civil Procedure*, section 170.4(b) . . . . . . . . . . . . . . . . . . . . . . 5

21 *California Code of Civil Procedure*, section 473 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22 *California Public Resources Code* section 21167.4. . . . . . . . . . . . . . . . . . . . . . . . . 3

23 *Code of Civil Procedure,* section 170.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24

25 **Treatises**

7 Witkin, *California Procedure* (5th Ed. 2008), §173, Civil Contempt . . . . . . . 10
26

27                                                                 ii

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**[1]

On June 14, 2007, Fine, as attorney for Marina Strand Colony II Homeowners Association (hereafter "Marina Strand"), filed a petition for writ of mandate in the matter of *Marina Strand Colony II, Homeowners Association, Petitioner, v. County of Los Angeles, Respondent, Del Rey Shores Joint Venture; Del Rey Shores Joint Venture North, Real Parties in Interest* (hereafter "Real Parties in Interest"), Superior Court of California, County of Los Angles, Case No. BS109420.[2]  The Marina Strand state action was thereafter assigned to the Writs and Receivers Department, the Hon. David P. Yaffe ("Judge Yaffe"), Judge of the Superior Court of California, County of Los Angeles, pursuant to Superior Court of California, County of Los Angeles, Local Rule 2.5(j).[3]

On September 13, 2007, and after Fine had failed to timely request a hearing, Real Parties in Interest, Marina Strand, filed a motion to dismiss the Marina Strand litigation pursuant to *California Public Resources Code* section 21167.4.[4]

---

[1] Real Parties in Interest will, or have, filed a response containing a lengthy and detailed procedural history which is incorporated herein by reference as though fully set forth. For purposes of clarity, an abbreviated factual summary is presented herein.

[2] *See* Exhibit "A," Judgment and Order of Contempt Re Richard I. Fine, Findings of Fact, page 5, para. 1.

[3] The procedural history provided herein relates to the actions in the Superior Court and subsequent appeals in state court.  The only federal matter pending in regards to the Marina Strand litigation is the pending habeas corpus petition before this court.

[4] *Id.,* para. 2.  Section 21167.4 provides that in actions, such as the Marina Strand litigation, "the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on

---

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

3

On October 17, 2007, in an unrelated administrative proceeding, the California State Bar Court issued an order recommending the disbarment of Fine, and involuntarily enrolled him as an inactive member of the State Bar as of that date.[5] Ultimately, Fine's Disbarment became final on March 13, 2009.[6]

Notwithstanding the foregoing administrative ruling by the State Bar Court, on October 15, 2007, Fine (as the attorney for Marina Strand) filed a motion for relief from the dismissal pursuant to *California Code of Civil Procedure,* section 473, based upon his personal affidavit of attorney fault.[7] Thereafter, the motion to dismiss and the motion for relief from dismissal were continued to January 8, 2008, to permit the petitioners to retain new counsel due to the administrative action of the State Bar Court regarding Fine.[8]

The court granted the motion for relief, but ordered Fine, the attorney at fault, to pay reasonable compensatory legal fees and costs to opposing counsel or parties pursuant to *California Code of Civil Procedure*, section 473(b).[9]

On February 19, 2008, before the final determination of the amount of the compensatory legal fees and costs to be awarded pursuant to section 473, Fine filed what was described by Judge Yaffe as "a confusing" pleading purporting to

the motion of any party interested in the action or proceeding."

[5] *See* Exhibit "A," Judgment and Order of Contempt Re Richard I. Fine, Findings of Fact, page 5, para 4.

[6] *See* Exhibit "C," California State Bar website printout re Richard I. Fine.

[7] *See* Exhibit "B," Order Striking Notice of Disqualification, the Marina Strand state action, page 1, lines 15-19.

[8] *See* Exhibit "A," Judgment and Order of Contempt Re Richard I. Fine, Findings of Fact, page 5, para 4.

[9] *See* Exhibit "B," Order Striking Notice of Disqualification, page 1, lines 19 to 22.

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

4

1    seek disqualification and seeking dismissal of the ordered sanctions and attorney's

2    fees.[10]

3            On March 18, 2008, Judge Yaffe found that the purported disqualification

4    in an affidavit in the body of another motion was insufficient to put the court on

5    notice of a statement of disqualification for cause, that such a statement must be

6    filed by a party or an attorney for a party (which Fine was not); and, as

7    specifically authorized by *California Code of Civil Procedure*, section 170.4(b),

8    struck the pleading as untimely and as failing to demonstrate, on its face, a legal

9    ground for disqualification.[11]  Fine was admonished that the disqualification

10   determination was not an appealable order, and that *California Code of Civil*

11   *Procedure*, section 170.3(d) provided that the exclusive means of reviewing the

12   determination was a timely filed petition for a writ of mandate.[12]  Fine failed to

13   timely file a writ and, as a result, the determination became final and not subject to

14   

15       [10] The pleading is entitled "NOTICE OF MOTION AND MOTION TO
     DISQUALIFY LA SUPERIOR COURT JUDGES RECEIVING MONEY FROM LA

16   COUNTY, DISMISS ORDER TO PAY SANCTIONS AND ATTORNEYS FEES
     AND COSTS FOR LACK OF JURISDICTION OVER FORMER COUNSEL OF

17   MARINA STRAND COLONY II HOA, LACK OF NOTICE OF IMPOSITION OF
     SANCTIONS, LEGAL FEES AND COSTS AND THAT HE DISCRETIONARY

18   PROVISION OF CCP §473(B) DOES NOT ALLOW OR MANDATE THE
     IMPOSITION OF SANCTIONS, LEGAL FEES AND COSTS; MEMORANDUM

19   OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD I. FINE."

20   

21       [11] *See* Exhibit "B," Order Striking Notice of Disqualification, page 2, line 14 to

22   page 3, line 4.

23       [12] *Id.,* page 2, line 26 to page 3, line 4.  The California Supreme Court has held

24   that both the determination of a *California Code of Civil Procedure,* section 170.3
     statement of disqualification for cause and a *Code of Civil Procedure,* section 170.6

25   peremptory challenge are governed by *Code of Civil Procedure,* section 170.3,
     subdivision (d), which provides that a petition for writ of mandate is the exclusive

26   means of appellate review of those determinations. *People v. Hull* (1991) 1 Cal.4th

27   266, 272-273.

28   

─────────────────────────────────────────────

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1   further review.[13]

2        On April 15, 2008, The Superior Court made an order awarding the Real

3   Parties in Interest the sum of $46,329.01 in compensatory attorneys fees and costs

4   against Fine.[14]  On May 27, 2008, Fine was served with an Order Requiring

5   Appearance (ORAP) to appear on June 18, 2008, before Superior Court

6   Commissioner Murray Gross for a judgment debtor examination.  Fine was also

7   served with a Subpoena Duces Tecum requiring him to produce various

8   documents at the judgment debtor examination.[15]

9        On June 18, 2008, Fine filed objections to both the examination and the

10  subpoena;  Commissioner Gross overruled all of Fine's objections and ordered the

11  judgment debtor examination to proceed and for Fine to produce the documents

12  called for in the subpoena.[16]  Fine was sworn, but he refused to answer any

13  questions other than stating his name, that he had been served with the Order to

14  Appear and the subpoena, that he would not produce any of the subpoenaed

15  documents in response to the subpoena, and that he had not obtained a stay of

16  execution of the April 15, 2008, Order either from the Superior Court or from an

17  appellate court.[17]

18       Commissioner Gross determined the questions that Fine refused to answer

19  were proper, again overruled Fines objections, and ordered Fine to answer the

20  questions and produce the subpoenaed documents.  Fine continued to object and

21  _____

22    [13] *Id.*

23    [14] *See* Exhibit "A," Judgment and Order of Contempt Re Richard I. Fine,
24  Findings of Fact, page 6, para. 11

25    [15] *Id.*, page 6, para. 12.

26    [16] *Id.*, page 6, para. 15.

27    [17] *Id.,* page 6, para. 16.
28

1    refused to answer any questions. Commissioner Gross found that he had the

2    authority to rule on the objections and ordered the examination to go forward.

3    Fine was ordered to return on August 25, 2008 for the completion of the judgment

4    debtor examination.[18]

5        On August 25, 2008, Fine appeared, but again refused to answer any

6    questions or produce any of the subpoenaed documents and refused to comply

7    with Commissioner Gross' orders to answer the questions and produce documents

8    pursuant to the subpoena. Commissioner Gross continued the judgment debtor

9    examination to December 29, 2008.[19]

10        On December 29, 2008, Fine again refused to answer any questions,

11    produce any of the subpoenaed documents or comply with Commissioner Gross'

12    further orders to answer the questions and produce the subpoenaed documents.

13    Fine continued his refusals and Commissioner Gross continued the hearing to

14    March 16, 2009.[20]

15        Counsel for Real Parties in Interest in the Marina Strand state action filed an

16    application for an Order to Show Cause re Contempt (OSC), pursuant to

17    *California Code of Civil Procedure*, section 1211, which was granted.[21] The OSC

18    set forth 16 specific charges of contempt, which were grouped into five categories

19    for the purposes of trial.[22]

20

21             [18] *Id.,* page 6, para. 17.

22

23             [19] *Id.,* page 7, para. 18.

24             [20] *Id.,* page 7, para. 20.

25             [21] *Id.,* page 2, para. 1.

26             [22] *Id.,* page 4, para. 5. The charges are listed as follows: Charge 1: Failing to

27    answer questions and produce documents at the Judgment Debtor Examination

28    despite valid service of a subpoena and being lawfully ordered to do so by

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1    Trial of the contempt proceeding was held on December 22, 24, 26, and 30,

2  2008, and on January 8, 12, and 22, 2009.  Fine was advised of his right to

3  counsel, which he waived; and of his right against self incrimination, which he

4  asserted.[23]

5    Following the trial the court found Fine not guilty with respect to charges 2,

6  3, and 5, relating to attacking the integrity of the court and the State Bar, making

7  repeated motions for reconsideration, and lying about his status with the State

8  Bar.[24]  Since Fine was not found guilty of these charges, these charges did not

9  form the basis for any penalty or confinement and are not pertinent to the present

10 petition for writ of habeas corpus.

11    Judge Yaffe found Fine guilty of charges 1 and 4: willful disobedience of

12 Commissioner Gross' June 18, 2008, August 25, 2008, October 15, 2008, and

13 December 29, 2008, orders to answer questions and produce documents at the

14 Judgment Debtor examination; and that Fine unlawfully practiced law and held

15 himself out as entitled to practice law.[25]

16    No confinement was imposed for unlawfully practicing law or holding

17 himself out as entitled to practice law, and accordingly, that issue is not pertinent

18 to this present petition for writ of habeas corpus.

19  _____

20 Commissioner Gross;  Charge 2: Attacking the integrity of the court in general and the
   State Bar;  Charge 3: Making repeated motions for reconsideration in violation of
21 *California Code of Civil Procedure*, section 1008;  Charge 4:  Practicing law, and/or
   holding himself out as entitled to practice law in the State of California when he was
22 not entitled to practice law in the State of California; and Charge 5:  Lying about his
   status with the State Bar in pleadings filed in court and in oral arguments before the
23 court.

24

25    [23] *Id.,* page 4, paras. 7 & 8.

26    [24] *Id.,* page 12, paras. 2, 3, and 5.

27
      [25] *Id.,* pages 11 to 12, paras. 1 and 4.
28

      RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
      LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

                                    8

1    The only confinement ordered was coercive civil contempt intended to
2 compel Fine to comply with his mandatory obligation to answer the lawful
3 questions and provide documents concerning his assets at the time of the judgment
4 debtor examination.  No penal confinement was imposed, and no issue concerning
5 criminal contempt is presented by these proceedings.

6    Before imposing the coercive confinement, and at the hearing on March 4,
7 2009, the Judge Yaffe inquired of Fine if he had any intention of answering the
8 questions.  Fine responded as follows:

9         "I am exercising my rights of petition for habeas corpus.  At such
10        times, those rights are entirely finished.  **If, in fact, I lose with those**
11        **writs, then I would answer the questions.**"[26]  (Emphasis added.)

12    Pursuant to *California Code of Civil Procedure*, section 1219(a), the
13 Superior Court ordered Fine incarcerated in the Los Angeles County Jail until he
14 provides all the information concerning his assets as ordered by Commissioner
15 Gross.[27] Judge Yaffe also detailed the manner by which Mr. Fine may end his
16 confinement as follows:

17    •    Mr. Fine may at any time file with the court a declaration stating that
18         he is willing to answer the questions put to him in the Judgment
19         Debtor examination which he was ordered to answer by
20         Commissioner Gross;

21    •    Upon receipt of that declaration the court will set a date and time for
22         the resumption of the Judgment Debtor Proceeding and authorizing
23         the Sheriff to transport Fine to the proceeding; and

24    •    if Fine answers the questions concerning his assets that he has been

25

26    [26] *See* Exhibit "D," March 4, 2009, Reporter's Transcript, pages 8-10.

27    [27] *Id,* pages 14-15.

28

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1   ordered to answer, the court will authorize the Sheriff to release him

2   from custody.[28]

3   Fine holds the key to his jail cell. By simply agreeing to answer the

4   questions and produce documents concerning his assets, that he has a legal

5   obligation to provide, his coercive confinement will end.

6   **II.   THE USE OF COERCIVE CONFINEMENT IS AN APPROPRIATE**

7   **JUDICIAL DEVICE FOR COMPELLING COMPLIANCE WITH**

8   **VALID COURT ORDERS**

9   The use of coercive confinement resulting from a civil contempt has been

10   approved and found appropriate by the United States Supreme Court, federal

11   district and appellate courts and California state courts, regarding the right of a

12   civil judgment creditor to pursue and of a trial court to impose for purposes of an

13   individual's compliance with a valid court order.  As stated in 7 Witkin, *California*

14   *Procedure* (5th Ed. 2008), §173, Civil Contempt:

15   "When a valid court order for the benefit of a successful party in a

16   civil action, e.g., an injunction or support decree, is disobeyed by the

17   adverse party, the latter commits a civil contempt. This type of

18   contempt is essentially a remedy of a party to enforce certain kinds of

19   judgments or orders. (*See McCrone v. United States* (1939) 307 U.S.

20   61, 59 S.Ct. 685, 686, 83 L.Ed. 1108, 1110 ['a contempt is considered

21   civil when the punishment is wholly remedial, serves only the

22   purposes of the complainant, and is not intended as a deterrent to

23   offenses against the public']; *Penfield Co. of Calif. v. Securities &*

24   *Exchange Com.* (1947) 330 U.S. 585, 67 S.Ct. 918, 921, 91 L.Ed.

25   1117, 1123; *McComb v. Jacksonville Paper Co.* (1949) 336 U.S. 187,

26

27   [28] *Id.*, page 15.

28

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1    69 S.Ct. 497, 499, 93 L.Ed. 599, 604; *International Union, United*
2    *Mine Workers of America v. Bagwell* (1994) 512 U.S. 821, 114 S.Ct.
3    2552, 2557, 129 L.Ed.2d 642, 651, infra, §187; *In re Morris* (1924)
4    194 C. 63, 67, 227 P. 914 [quoting United States Supreme Court
5    decision; civil contempt proceedings are 'remedial and coercive in
6    their nature, and the parties chiefly in interest in their conduct and
7    prosecution are the individuals whose private rights and remedies
8    they were instituted to protect or enforce']; *People v. Derner* (1986)
9    182 C.A.3d 588, 592, 227 C.R. 344, citing the text [contempt
10   judgment for failure to return child as required by custody order was
11   civil rather than criminal contempt because it appeared from judge's
12   statement that 'primary part of his purpose was coercive,'" i.e., to
13   dissuade defendant from further violations]; *Mulvany v. Superior*
14   *Court* (1986) 184 C.A.3d 906, 908."
15       In this matter, the purpose of the finding of contempt, and the resulting
16   confinement, was coercive in nature, as the purpose is to compel Fine to answer
17   the questions and produce documents concerning his ability to satisfy the order
18   awarding attorney's fees and costs to the Real Parties in Interest.  Nothing more,
19   nothing less.
20  **III.   FINE ADMITS THAT THE NATURE AND INDETERMINATE**
21  **LENGTH OF HIS CONFINEMENT WILL NOT AFFECT HIS**
22  **DECISION TO ANSWER QUESTIONS AND PRODUCE**
23  **DOCUMENTS AT THE JUDGMENT DEBTOR EXAMINATION**
24       While the duration of a coercive civil contempt confinement might
25   potentially be raised as an issue, it is not an issue here.  Fine has already admitted
26   that in the event his attempt to obtain habeas relief fails, he will answer the
27   questions regarding his financial condition, thereby conceding that the coercive
28

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

1  and indeterminate nature of his confinement is the not the yardstick by which he

2  will, or will not, answer those questions.  Again, at the March 4, 2009 hearing,

3  Fine stated "[i]f in fact, I lose those [habeas] writs, then I would answer the

4  questions."[29]  Thus, Fine has conceded that his confinement is coercive in nature,

5  not penal.

6         As a result, the "presence ... of a substantial likelihood that ... continued

7  confinement" will accomplish the purpose of the order ..." becomes the focus of

8  the court's inquiry, and test on habeas review.  *In re Farr* (1974) 36 Cal.App.3d

9  577, 584, 111 Cal.Rptr. 649.

10         A reviewing court should normally be reluctant to conclude that as a matter

11  of due process, confinement of an individual based upon a finding of civil

12  contempt has lost its coercive impact.  The determination as to whether a civil

13  contempt sanction has lost its coercive effect upon a particular contemnor rests

14  within the sound discretion of the district court. *Securities and Exchange*

15  *Commission v. Elmas Trading Corporation*, 824 F.2d 732 (9th Cir.1987).  *See*

16  *also In re Grand Jury*, 851 F.2d 499, 502 (1st Cir.1988); *Simkin v. United States,*

17  715 F.2d 34,d 37 (2d Cir.1983); *In re Grand Jury Investigation (Braun)*, 600 F.2d

18  420, 427 (3d Cir.1979) (holding that, in the absence of unusual circumstances, a

19  reviewing court should be reluctant to conclude, as a matter of due process, that a

20  civil contempt sanction has lost its coercive impact at some point prior to the

21  eighteen-month period prescribed as a maximum by 28 *U.S.C.* § 1826).

22         As stated, Fine has conceded that should his attempt to obtain habeas relief

23  fail, he will answer the questions regarding his financial condition.  As such, the

24  confinement is coercive in nature and for the sole purpose of compelling Fine to

25  comply with the Superior Court's order to answer questions at a judgment debtor

26

27         [29] *Id.* at page 9, lines 4-5.

28

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS
12

1    examination.

2    **IV.   CONCLUSION**

3        Based upon the foregoing, it is respectfully submitted that Fine's petition

4    for a writ of habeas corpus and ex parte application for immediate release must be

5    denied.

6

7    Dated: May /ˢᵗ, 2009        BENTON, ORR, DUVAL & BUCKINGHAM

8

9                              By: _Kevin M McCormick_

10                                Kevin M. McCormick
                                 Attorneys for Respondents, Superior Court of

11                                California, County of Los Angeles and the Hon.
                                 David P Yaffe, Judge of the Superior Court of

12                                California, County of Los Angeles

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF
LOS ANGELES, *ET AL*, TO PETITION FOR WRIT OF HABEAS CORPUS

13

1

*PROOF OF SERVICE*
*Fine v. Sheriff of Los Angeles County*
Case No.: CV09-1914-JFW (CW)

2

3    STATE OF CALIFORNIA, COUNTY OF VENTURA

4         I am employed in the County of Ventura, State of California. I am over the age
of 18 and not a party to the within action. My business address is 39 N. California

5    Street, Ventura, CA 93001.

6         On May 1, 2009, I served the foregoing document(s) described as:
**RESPONSE OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

7    **LOS ANGELES,** *ET AL*, **TO PETITION FOR WRIT OF HABEAS CORPUS;**
**ETC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

8    on the interested parties in this action by placing _____ an original XXX a copy
thereof enclosed in a sealed envelope addressed as follows:

9

Richard I. Fine, BK # 1824367
10   Twin Towers Correctional Facility
450 Bauchet Street
11   Los Angeles, CA 90012

12   Aaron M. Fontana, Esq.
Lawrence Beach Allen & Choi PC
13   100 West Broadway Suite 1200
Glendale, CA 91210

14
Frederick Bennett, Esq.
15   Court Counsel, Superior Court of
California, County of Los Angeles
16   111 N. Hill Street, Room 546
Los Angeles, CA 90012

17
Joshua L. Rosen, Esq.
18   Law Offices of Joshua L. Rosen
5905 Sherbourne Drive
19   Los Angeles, CA 90056

20   <u>XXX</u> **BY FIRST CLASS MAIL)** _____ **(BY EXPRESS MAIL)** I caused such
envelope with postage thereon fully prepared to be placed in the United States mail
21   at Ventura, California. I am "readily familiar" with the firm's practice of collection
and processing correspondence for mailing. It is deposited with the U.S. Postal
22   Service on that same day in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or
23   postage meter date is more than one day after date of deposit for mailing in affidavit.

24   <u>XXX</u> **(Federal)** _____ I declare that I am employed in the office of a member of the bar
of this court at whose direction the service was made. I declare under penalty of
25   perjury that the foregoing is true and correct.

26        Executed on May 1, 2009, at Ventura, California

27        _____
                    Jacqueline D. Mora
28